IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL CASE NO. 2:11cv35

EARNEST K. WAKE, SR., )
)
      Plaintiff, )
)
vs. )    **O R D E R**
)
MICHAEL J. ASTURE, )
Commissioner of Social Security, )
)
      Defendant. )
_____)

**THIS MATTER** is before the Court on the Plaintiff's Motion for Judgment on the Pleadings [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 15].

Pursuant to 28 U.S.C. §636(b) and a specific Order of referral of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider these pending motions and to submit to this Court a recommendation for their disposition. On December 4, 2012, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 17] in which he recommended that the Plaintiff's Motion for Judgment on the Pleadings be denied; the Defendant's Motion for Summary Judgment be

1

granted and the Commissioner's decision be affirmed. [Id.]. The parties were advised of the time within which any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed. The Plaintiff timely filed her Objections to the Memorandum and Recommendation. [Doc. 18].

## PROCEDURAL HISTORY

The Plaintiff does not lodge any objections to the Magistrate Judge's statement of the procedural and factual Background, Standard of Review, or Discussion of the sequential evaluation process. He also does not object to the Magistrate Judge's discussion concerning the Administrative Law Judge's (ALJ) treatment of his occipital neuralgia and vision disturbances.

Having conducted a careful review of these portions of the Memorandum and Recommendation, the Court finds that the Magistrate Judge's treatment thereof is correct and supported by the record.

## STANDARD OF REVIEW

This Court has statutory authority to assign pending dispositive pretrial matters to a Magistrate Judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that the Court "shall make a de novo determination of those

portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to review under a *de novo* standard the proposed factual findings or legal conclusions of the Magistrate Judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Similarly, *de novo* review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

The Plaintiff assigned as error the following statement of the Magistrate Judge: "Plaintiff has provided no legal authority or any legal argument as to why Dr. Rehfield's finding that Plaintiff's ability to grip on the left side and to finely manipulate objects on the left was moderately to severely impaired at the time of the examination is inconsistent with the [Administrative Law Judge's] ALJ's [Residual Functional Capacity] RFC that Plaintiff was limited to frequent handling and fingering with the left hand." [Doc. 17 at 10]. The Plaintiff's Objection to this finding is that "[s]pecific legal authority on this point is hard to find as it is commonly

3

medically accepted that a 'severe' limitation of the arm necessarily implies that an individual cannot use the arm 'frequently.'" [Doc. 18 at 1]. The Plaintiff makes no further reference to any authority, legal or medical, which would support his argument of a "commonly medically accepted" standard. The Court therefore rejects the Objection.

The Plaintiff also claims that substantial evidence does not support the RFC because the state agency examiners did not address the discrepancies between their opinions and that of Dr. Rehfield. This Objection overlooks the Magistrate Judge's finding that "In fact, the two state agency physicians explicitly considered the opinion of Dr. Rehfield and found it was consistent with their recommended limitations." [Doc. 17 at 10].

The Plaintiff's next assignment of error is that the ALJ found he could perform his past relevant work as a carpenter "as that job was actually and generally performed" despite his limitation against climbing ladders, ropes and scaffolds. According to the Plaintiff, the Dictionary of Occupational Titles describes carpentry as requiring the ability to climb. Thus, the Plaintiff cannot perform the job of carpentry. The Magistrate Judge, however, noted that the hypothetical question posed to the vocational

4

expert specifically included the Plaintiff's inability to climb ladders, ropes and scaffolds in performing jobs in the carpentry field.  The expert noted that many homes are one story and thus would not require such climbing. [Doc. 7-3 at 64-65].  The Plaintiff does not object to the hypothetical posed or to the answer provided by the expert; that is, that the Plaintiff could generally perform as his past relevant work even with the limitation of no climbing of ladders, ropes or scaffolds.  Vocational expert testimony as to the existence of jobs is substantial evidence in support of the Commissioner's decision if it is response to a hypothetical question based on an accurate RFC.  Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005).  The Court therefore rejects this Objection as well.

Finally, the Plaintiff claims that the Magistrate Judge did not actually address his assignments of error concerning the ALJ's credibility determinations.  He claims that the Magistrate failed to cite "anything from the record which supports the ALJ's determination."  This argument overlooks the Magistrate Judge's citations to the transcript in his opinion which specifically note those portions of the record showing the Plaintiff's daily activities, the medical evidence, other evidence and the ALJ's reasons why he found the Plaintiff's testimony not fully credible.  [Doc. 17 at 14-15].

The Plaintiff nonetheless claims that he cited numerous errors in ALJ's determination, referring back to the memorandum supporting his Motion for Judgment on the Pleadings. [Doc. 18]. However, merely referencing the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original). This Court, moreover, does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation and citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Id. It is not the role of this Court to draw different conclusions from the evidence; the duty of resolving conflicts in the evidence belongs to the ALJ. Id. This Objection is rejected as well.

The Court therefore accepts the Magistrate Judge's recommendation that the Commissioner's decision should be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 18] are hereby **REJECTED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 17] is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 15] is hereby **GRANTED** and the Plaintiff's Motion for Judgment on the Pleadings [Doc. 11] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED** and this case is hereby **DISMISSED**.

The Clerk of Court is instructed to enter Judgment.

Signed: January 14, 2013

Martin Reidinger
United States District Judge